Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 0459 | DATE | JAN. 17, 2001 |
| CASE TITLE | MARY DAUBACH v. DAVE WNEK and BRUCE WALSTED, etc. | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for **JANUARY 24, 2001 at 11:00 a.m.**.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ■ Trial set for **JANUARY 30, 2001 at 10:00 a.m.**.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiff's motion in limine is granted in part and denied in part. Evidence regarding plaintiff's alleged defrauding of Thomas Gilbertson is limited to information conveyed to or observations made by defendant police officers prior to plaintiff's arrest. No evidence is admissible regarding any prior arrest, conviction, or bad act of plaintiff or any of plaintiff's witnesses. Defendants' motion in limine to bar any evidence of liability insurance or indemnification is granted. Defendants' motion in limine to bar evidence of plaintiff's acquittal in the underlying criminal case is conditionally granted as described in the attached Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JAN 18 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | JAN. 17, 2001 | |
| | | | date mailed notice | |
| CW | courtroom deputy's initials | | mqm | |
| | | Date/time received in central Clerk's Office | mailing initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARY DAUBACH,

   Plaintiff,

v.   No. 00 C 0459

DAVE WNEK and BRUCE WALSTED,
individually,

   Defendants.

JAN 1 8 2001

## MEMORANDUM OPINION AND ORDER

  Plaintiff Mary Daubach alleges that she was subjected to false arrest and excessive force by defendants Dave Wnek and Bruce Walsted, Franklin Park, Illinois police officers. Presently pending are motions in limine that were filed with the parties' final pretrial order.

  For purposes of ruling on plaintiff's motion in limine, it will be assumed that defendants have evidence that would adequately support the factual contentions they make in their response to plaintiff's motion. Plaintiff was the insurance agent for Thomas Gilbertson, a 75-year-old man who lived in Franklin Park. Plaintiff became friends with Gilbertson and apparently discussed the possibility of she and her daughter moving in with Gilbertson to share expenses. Defendants contend



that Nora Tomas, a neighbor of Gilbertson, reported to the Franklin Park Police Department that Gilbertson was suffering from dementia and senility and had received mail indicating a $60,500 mortgage had been applied for in his name. Tomas further reported that Gilbertson did not remember making such an application. Tomas also reported that plaintiff had been spending much time at the house and that Tomas suspected plaintiff was trying to take financial advantage of Gilbertson. On May 28, 1998, Wnek came out and briefly spoke to Gilbertson and Tomas. Gilbertson indicated that he did not want a loan. Wnek told Tomas to call him if plaintiff again appeared at Gilbertson's.

About an hour later, Tomas called to report that plaintiff was at Gilbertson's house. Both defendants then went to Gilbertson's house and were voluntarily admitted. The officers questioned plaintiff and Gilbertson regarding possible fraud. The officers showed plaintiff a copy of the loan statement and she eventually admitted she knew about it and that she had a check at her house. Gilbertson stated he did not have a loan and that he did not understand everything. The officers contend that they eventually asked plaintiff to go to the police station for further questioning and that she refused. They then told her she could not leave, but she tried to leave anyway. It is undisputed that an altercation ensued and plaintiff was

arrested for resisting or obstructing a police officer in violation of 720 ILCS 5/31-1 and she was taken to the police station.

Defendants do not contend that they had probable cause to arrest plaintiff for fraud. Instead, they contend that they had a reasonable suspicion of such a crime that would justify detaining plaintiff for investigatory questioning. See generally Terry v. Ohio, 392 U.S. 1 (1968).[1] Defendants also contend that, when plaintiff tried to leave, they had probable cause to arrest her for a violation of 720 ILCS 5/31-1. Plaintiff moves to exclude any evidence concerning the alleged fraud. Plaintiff contends the evidence should be limited to whether plaintiff resisted arrest. Defendants contend that the evidence regarding fraud is relevant both as background and to show that defendants had reasonable suspicion and that plaintiff was obstructing their investigation.

---

[1] Illinois statutory law provides: "A peace officer, after having identified himself as a peace officer, may stop any person in a public place for a reasonable period of time when the officer reasonably infers from the circumstances that the person is committing, is about to commit or has committed an offense . . ., and may demand the name and address of the person and an explanation of his actions. Such detention and temporary questioning will be conducted in the vicinity of where the person was stopped." 725 ILCS 5/107-14. This statute would not apply to the circumstances in this case since plaintiff was being interviewed in Gilbertson's house, not a public place. See People v. Willis, 39 Ill. App. 3d 905, 351 N.E.2d 330, 332 (1st Dist. 1976). Cf. People v. Rivera, 233 Ill. App. 3d 69, 598 N.E.2d 423, 426-28 (2d Dist. 1992).

Section 31-1(a) provides: "A person who knowingly resists or obstructs the performance by one known to the person to be a peace officer . . . of any authorized act within his official capacity commits a Class A misdemeanor." If a person physically resists being arrested, a violation of this statute occurs regardless of whether the officer had probable cause for the underlying arrest. 720 ILCS 5/7-7; People v. Villarreal, 152 Ill. 2d 368, 604 N.E.2d 923, 925-26 (1992). Resistance or obstruction requires a "physical act which imposes an obstacle which may impede, hinder, interrupt, prevent or delay, the performance of the officer's duties." People v. Holdman, 73 Ill. 2d 213, 383 N.E.2d 155, 159 (1978), cert. denied, 440 U.S. 938 (1979) (quoting People v. Raby, 40 Ill. 2d 392, 240 N.E.2d 595, 599 (1968), cert. denied, 393 U.S. 1083 (1969)). Arguing with a police officer, refusing to answer the officer's questions, or refusing to assist the officer does not, by itself without a physical act, constitute resistance or obstruction in violation of the statute. People v. Meister, 289 Ill. App. 3d 337, 682 N.E.2d 306, 308 (4th Dist.), appeal denied, 174 Ill. 2d 582, 686 N.E.2d 1168 (1997); People v. Hilgenberg, 223 Ill. App. 3d 286, 585 N.E.2d 180, 183 (2d Dist. 1991), appeal denied, 144 Ill. 2d 638, 591 N.E.2d 26 (1992). A Terry stop is also an authorized act under § 31-1, the resistance of which can constitute a violation of § 31-1. People v. Johnson, 285 Ill.

- 4 -

App. 3d 307, 674 N.E.2d 487, 488 (2d Dist. 1996). However, unlike an arrest without probable cause, where adequate grounds do not exist for the Terry stop, the officer is not engaging in an authorized act and therefore no violation of § 31-1 can occur. People v. Moore, 286 Ill. App. 3d 649, 676 N.E.2d 700, 704 (3d Dist.), appeal denied, 174 Ill. 2d 583, 686 N.E.2d 1169 (1997). See also Williams v. Jaglowski, 1999 WL 965866 *7 (N.D. Ill. Sept. 29, 1999).

Accepting defendants' version of the facts, initially the questioning of plaintiff at Gilbertson's house was consensual, and therefore no level of suspicion was required. See United States v. Scheets, 188 F.3d 829, 836 (7th Cir. 1999), cert. denied, 528 U.S. 1096 (2000). At the point that plaintiff was told she could not leave, the encounter had developed into an investigatory stop. See id. at 837. At that point, defendants had to have a reasonable suspicion of criminal activity to justify the investigatory stop. See id. at 836-37. If they had a reasonable suspicion, then Gilbertson violated § 31-1 when she disobeyed defendants' instruction and instead attempted to leave. See Johnson, 674 N.E.2d at 488. If they did not have a reasonable suspicion, then Gilbertson did not violate § 31-1 by attempting to leave. See Moore, 676 N.E.2d at 704. When defendants prevented plaintiff from leaving, handcuffed her, and

took her to the police station, she was under arrest[2] and defendants needed probable cause that she had committed a violation of § 31-1.[3] On the facts presented by defendants, evidence concerning fraud is relevant to the question of whether the officers had reasonable suspicion that plaintiff was defrauding Gilbertson. Assuming defendants have evidence on which a reasonable jury could find these facts, evidence regarding fraud is admissible.[4]

This does not mean that all evidence concerning possible defrauding of Gilbertson is admissible. Whether an officer has reasonable suspicion is based on "the totality of the circumstances as they were presented to the officer at the time of the encounter." Scheets, 188 F.3d at 837 (quoting United States v. McCarthur, 6 F.3d 1270, 1277 (7th Cir. 1993)). It is the information known to the officers at the time of the

---

[2]Because the officers entry into Gilbertson's residence was consensual, they did not need a warrant to arrest plaintiff in the house. See United States v. Walls, 225 F.3d 858, 862 (7th Cir. 2000).

[3]Probable cause that plaintiff had committed fraud would justify the arrest regardless of whether there had been a violation of § 31-1. Defendants, however, do not contend that they had probable cause for any fraud violation.

[4]Even if reasonable suspicion of fraud were not at issue, some of the evidence would be admissible to show the circumstances of why plaintiff was attempting to leave.

investigatory stop that is relevant.[5]  Facts that were discovered during a subsequent investigation are not relevant to the existence of reasonable suspicion at the time of the May 28 incident.  In their presentation of the facts, for example, defendants mention that a checking account in the names of plaintiff and Gilbertson had been opened that afternoon.  If plaintiff disclosed this to defendants during their conversation, they may testify to that effect.  However, if the checking account was not discovered until further investigation, evidence regarding the checking account is not admissible.  Defendants also mention that Tomas claimed that plaintiff threatened her.  If Tomas told the officers this prior to their interview of plaintiff, it is relevant information.  However, if Tomas did not tell them this until after the arrest, it is not admissible evidence.  In other words, evidence regarding fraud is limited to testimony concerning information conveyed to the officers or observations of the officers made prior to plaintiff being arrested.

Plaintiff also seeks to exclude evidence regarding Gilbertson's mental capabilities.  Evidence regarding statements Tomas made to the police prior to the arrest will be admissible

---

[5]This includes information Tomas reported to the Franklin Park Police Department and for which defendants had actual or constructive knowledge.  See generally United States v. Celio, 945 F.2d 180, 183-84 (7th Cir. 1991).

as well as defendants' observations of Gilbertson. Any other evidence regarding Gilbertson's mental capabilities will not be admissible.

Plaintiff also moves to exclude any evidence of plaintiff's or plaintiff's witnesses' prior criminal records or prior bad acts. Since defendants have raised no objection to this aspect of plaintiff's motion, such evidence will be excluded.

Defendants move to bar any evidence of liability insurance or indemnity. Plaintiff does not oppose this motion. It will be granted.

Defendants also move to bar evidence that plaintiff was tried on the § 31-1 charge and acquitted. Absent privity or the identity of parties necessary for collateral estoppel,[6] a person's acquittal in a criminal trial is not evidence that the person did not commit the alleged criminal act. United States v. Lahey, 55 F.3d 1289, 1296 (7th Cir. 1995); United States v.

---

[6]Police officers are not parties to the criminal proceedings against an arrestee and generally are not considered to be in privity with the government entity prosecuting the criminal charges. See Kraushaar v. Flanigan, 45 F.3d 1040, 1050-51 (7th Cir. 1995); Kunzelman v. Thompson, 799 F.2d 1172, 1178 (7th Cir. 1986); Caruthers v. Matos, 1997 WL 208445 *4-5 & n.4 (N.D. Ill. April 21, 1997). Plaintiff does not contend that this is a situation where the criminal prosecution has a collateral estoppel effect as against the defendant police officers. Plaintiff does note that Illinois allows criminal convictions to be used as evidence against the person convicted. See Smith v. Sheahan, 959 F. Supp. 841 (N.D. Ill. 1997). That situation is distinguishable from the present situation because the person convicted is a party to the criminal prosecution.

Jones, 808 F.2d 561, 566 (7th Cir. 1986), cert. denied, 481 U.S. 1006 (1987); Rabon v. Great Southwest Fire Insurance Co., 818 F.2d 306, 309 (4th Cir. 1987). See also West v. Love, 776 F.2d 170, 175 (7th Cir. 1985). Criminal guilt is even further removed from the question of whether a police officer had probable cause to arrest; probable cause can exist even if the person did not actually commit the crime. See Borunda v. Richmond, 885 F.2d 1384, 1389 (9th Cir. 1988). Plaintiff will not be allowed to present proof of the acquittal as evidence that she did not resist being arrested.

Evidence related to the criminal trial may otherwise be admissible. In the final pretrial order, plaintiff lists $1,500.00 of criminal attorney fees as part of her special damages. Ordinarily, attorney fees for defending the criminal case are not part of the damages proximately caused by a false arrest because a prosecutor's decision to pursue the criminal case breaks the causal chain. However, under some circumstances, false arrest damages may include attorney fees. See Townes v. City of New York, 176 F.3d 138, 147 (2d Cir.), cert. denied, 528 U.S. 964 (1999); Borunda, 885 F.2d at 1389-90; Ross v. City of Evanston, 1998 WL 177738 *2-3 (N.D. Ill. April 13, 1998). The parties have not yet addressed this issue and the court has insufficient information to determine if the present case is one of those where plaintiff may be entitled to her criminal case

attorney fees as part of her damages for false arrest. This issue will not presently be ruled upon.

Plaintiff will not be permitted to present evidence of her acquittal to show that she did not resist arrest or to show that defendants lacked probable cause to arrest her. However, to the extent defendants present any evidence or say anything in their opening statement or closing arguments implying that plaintiff was prosecuted and found guilty, plaintiff will be permitted to present evidence showing she was acquitted. Also, to the extent plaintiff is permitted to present, as part of her damages claim, evidence of the fees incurred in her criminal case, she will be able to present evidence that she was acquitted.[7] If any evidence of the acquittal is shown to be admissible, the parties should also propose an appropriate limiting instruction.

IT IS THEREFORE ORDERED that:

(1) Plaintiff's motion in limine is granted in part and denied in part. Evidence regarding plaintiff's alleged

---

[7]Alternatively, to the extent plaintiff is entitled to claim such damages, the parties may enter into a stipulation that would avoid the jury learning that the fees related to a criminal prosecution for the resisting arrest charges.

defrauding of Thomas Gilbertson is limited to information conveyed to or observations made by defendant police officers prior to plaintiff's arrest. No evidence is admissible regarding any prior arrest, conviction, or bad act of plaintiff or any of plaintiff's witnesses.

(2) Defendants' motion in limine to bar any evidence of liability insurance or indemnification is granted. Defendants' motion in limine to bar evidence of plaintiff's acquittal in the underlying criminal case is conditionally granted as described herein.

(3) Trial is set for January 30, 2001 at 10:00 a.m. Status hearing set for January 24, 2001 at 11:00 a.m.

ENTER:

/s/ William T. Hart
UNITED STATES DISTRICT JUDGE

DATED: JANUARY 17, 2001