# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 0459 | DATE | MARCH 14, 2001 |
| CASE TITLE | MARY DAUBACH v. DAVE WNEK and BRUCE WALSTED, etc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Defendants' motion to declare witness unavailable [12-1] is granted. Defendants' motion to use Nora Tomas's deposition testimony at trial [12-2] is granted in part and denied in part. In accordance with today's order, defendants shall produce a modified version of Tomas's transcript for use at trial. A copy of the modified version shall be provided to plaintiff by no later than March 20, 2001.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | 2 | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | MAR 16 2001 | |
| | Notified counsel by telephone. | | | date docketed | 16 |
| | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 01 MAR 15 PM 5: 49 | 3/14/2001 | |
| | | | | date mailed notice | |
| CW | courtroom deputy's initials | | | MQM | |
| | | | Date/time received in central Clerk's Office | mailing initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARY DAUBACH,                    )
                                 )
            Plaintiff,           )
                                 )
     v.                          )    No. 00 C 0459
                                 )
DAVE WNEK and BRUCE WALSTED,     )
individually,                    )
                                 )
            Defendants.          )

**MEMORANDUM OPINION AND ORDER**

DOCKETED
MAR 16 2001

Plaintiff Mary Daubach alleges that, on May 28, 1998, she was subjected to false arrest and excessive force by defendants Dave Wnek and Bruce Walsted, Franklin Park, Illinois police officers. This case is set for trial on March 27, 2001 and the court previously ruled on the parties' motions in limine. See Daubach v. Wnek, 2001 WL 58948 (N.D. Ill. Jan. 18, 2001).

The basic facts of this case are as follows. Plaintiff was the insurance agent for and/or a friend of Thomas Gilbertson, now deceased. As of May 1998, Gilbertson was 75 years old. Gilbertson's neighbor, Nora Tomas, believed Gilbertson was suffering from dementia and senility and suspected that plaintiff was trying to defraud Gilbertson. Tomas called the Franklin Park

Police Department to report her suspicions. On May 28, defendants were questioning plaintiff and Gilbertson inside Gilbertson's house. Plaintiff attempted to leave, but defendants ordered her to stay. She continued to leave and defendants arrested her. As discussed in the prior ruling, an issue in the case will be whether defendants had adequate grounds to order plaintiff to stay because they had reasonable suspicion that she was attempting to defraud Gilbertson. Another issue will be whether defendants had probable cause to believe plaintiff was resisting arrest. See id. at *1-2. As to the motions in limine, it was held that "[e]vidence regarding plaintiff's alleged defrauding of Thomas Gilbertson is limited to information conveyed to or observations made by defendant police officers prior to plaintiff's arrest." Id. at *4. See also id. at *2-3. As to evidence of Gilbertson's mental capabilities, it was stated: "Evidence regarding statements Tomas made to the police prior to the arrest will be admissible as well as defendants' observations of Gilbertson. Any other evidence regarding Gilbertson's mental capabilities will not be admissible." Id. at *3.

On September 5, 2000, Tomas was deposed. A few weeks later, Tomas died. Defendants have moved to use Tomas's deposition at trial. Defendants' initial motion seeks to admit the entire deposition. Plaintiff does not object to use of the deposition, but does object to certain portions. In their reply,

defendants have agreed not to use certain portions, but a number of disputes remain.

Regarding the use of deposition testimony at trial, Fed. R. Civ. P. 32(d)(3)(B) provides:

> Errors and irregularities occurring at the oral examination in the manner of taking the deposition, in the form of questions or answers, in the oath or affirmation, or in the conduct of parties, and errors of any kind which might be obviated, removed, or cured if promptly presented, are waived unless seasonable objection thereto is made at the taking of the deposition.

Counsel for plaintiff did not attend the deposition of Tomas. Therefore, there are no seasonable objections to any of the questions or testimony. Objections as to leading questions, Roy v. Austin Co., 194 F.3d 840, 844 (7th Cir. 1999); Oberlin v. Marlin American Corp., 596 F.2d 1322, 1328 (7th Cir. 1979); Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice & Procedure § 2156 at 206 (2d ed. 1994), and unresponsive answers, Kirschner v. Broadhead, 671 F.2d 1034, 1037-38 (7th Cir. 1982), therefore are waived absent the unlikely circumstance that admitting such evidence would violate the fundamental, truth-seeking purpose of a trial, see Roy, 194 F.3d at 844; Oberlin, 596 F.2d at 1329.

Rule 32(d)(3)(A) provides:

> Objections to the competency of a witness or to the competency, relevancy, or materiality of testimony are not waived by failure to make them before or during the taking of the deposition, unless the ground of the objection is one which

> might have been obviated or removed if presented at the time.

Thus, objections as to foundation are not waived unless they could have been obviated or removed if raised at the deposition. <u>Rosary-Take One Production Co. Ltd. v. New Line Distribution, Inc.</u>, 1996 WL 79328 *2 (S.D.N.Y. Feb. 23, 1996); <u>Harvey v. Yellow Freight System, Inc.</u>, 1990 WL 171014 *2 (D. Kan. 1990).

Defendants also raise the issue of whether Tomas has to be an expert to testify regarding Gilbertson's mental capacity. The testimony to which plaintiff raises this objection (Tr. 21) does not require expertise. Tomas can testify as to whether Gilbertson was capable of completing loan documents. The other place where plaintiff raises an expert testimony objection (Tr. 34-35) concerns possible expertise necessary to evaluate the quality of police work, not Gilbertson's mental capacity.

The rulings as to plaintiff's objections are as follows. The numbers **a-n** will refer to the page number (a) and line number (n) of the September 5, 2000 transcript of the deposition of Nora Tomas.

(1) **7-16 (beginning with the word "cancer") through 7-21 is to be stricken.** Gilbertson's death being the result of cancer is not relevant testimony.

(2) **8-16 through 9-1 is to be stricken.**

(3) **9-15 (after the word daily) through 10-8 is to be stricken.** No testimony in this transcript supports that this

specific information about Gilbertson's possible dementia was conveyed to the police.

(4) **10-14 through 14-9 is to be stricken.** No testimony in this transcript supports that this specific information about Gilbertson's possible dementia was conveyed to the police. Also, some of this testimony is hearsay as to what other neighbors told Tomas.

(5) **14-10 through 14-14 will not be stricken.** This question does not pertain to possible dementia. It establishes a timeframe for the questions that follow.

(6) **16-8 through 17-6 is to be stricken.** Defendants do not oppose striking this testimony.

(7) **17-7 through 17-8 is to be stricken.** This is additional testimony about Gypsies that defendants otherwise concede should be stricken. See (6) supra.

(8) **17-9 through 17-14 will not be stricken.** Leading questions are not presently subject to objection. In any event, it is just establishing a timeframe for the questions that follow, which may be done with leading questions.

(9) **19-6 through 20-11 will not be stricken.** It is relevant background information as to why Tomas called the police and later testimony supports that she conveyed this information to the police.

(10) **20-12 through 21-2 is to be stricken.** Tomas's conversation with the loan company is hearsay and there is no testimony that Tomas reported this conversation to the police.

(11) **21-3 through 21-14 will not be stricken.** This is background about why Tomas contacted the police and is information that was conveyed to the police.

(12) **21-15 through 21-23 is to be stricken.** This is Tomas's own speculation.

(13) To be consistent with other stricken testimony, **21-24 through 22-2 is to be modified to read: "Q. Okay. You say that you called the police?"**

(14) **22-12 through 22-16 will not be stricken.** It is testimony that Tomas called the police and shows Tomas's emotional condition at the time.

(15) **23-17 through 23-24 is to be stricken.** Defendants do not oppose striking this testimony.

(16) **24-1 through 24-4 (ending at "address?") is to be stricken.** This is further testimony about the police report that defendants agree should be stricken. See (15) supra.

(17) **24-4 (beginning with "And") through 24-14 will not be stricken.** This is testimony as to what Tomas said to the police.

(18) **24-15 through 24-19 is to be stricken.** Tomas indicates she does not know, based on personal knowledge, that the police spoke to Gilbertson. Therefore, her testimony is

hearsay or speculation. In any event, to the extent she is referring to a later police officer visit to Gilbertson that is discussed at pages 30 to 31, the testimony on page 24 is cumulative of testimony at pages 30 to 31.

(19) **25-8 through 26-12 will not be stricken.** This is evidence of statements made to the police.

(20) **26-13 through 26-24 is to be stricken.** Defendants do not oppose striking this testimony.

(21) **27-1 through 28-13 is to be stricken.** There is no testimony that Tomas reported this conversation with Daubach to the police.

(22) **28-14 through 29-24 is not to be stricken except that the phrase "They ran the plates and she didn't live at the address the plates were so" at 29-3 to 29-5 is to be deleted.** This is testimony as to information Tomas conveyed to the police, except that the hearsay about the police checking plaintiff's license plates is to be deleted.

(23) **31-13 through 32-3 is not to be stricken except that the phrase "It turned out they were on their way home and while I was on hold, they were radioing them so by the time I got to the door, they were there so" at 31-16 to 31-20 is to be deleted.** Tomas's description of the arrival of the police and plaintiff being taken away on the date of the arrest is relevant. The deleted portion is hearsay.

(24) **34-13 through 34-17 will not be stricken.** This testimony helps to identify the speaker referred to in prior testimony for which there is no objection.

(25) **34-18 through 34-22 is to be stricken.** This is hearsay. Unlike some of the preceding testimony, plaintiff does not seek to admit it as an admission of a party opponent.

(26) **34-23 through 35-11 is to be stricken.** Tomas's speculation about how concerned the officers were is not admissible. Her evaluation of the quality of the investigation (she apparently is referring to the quickness of the response to her telephone call) is not relevant to whether there was reasonable suspicion or probable cause.

(27) **35-12 through 35-23 will not be stricken.** Tomas states that she conveyed this information to the officers. A neighbor's report of suspicions, even if speculative, is relevant to an investigation and a determination of reasonable suspicion or probable cause.

(28) **35-24 through 36-10 is to be stricken.** There is no testimony that Tomas informed the police about Gilbertson being a frugal person unlikely to take out a loan.

(29) **37-18 through 39-18 is to be stricken.** Defendants do not oppose striking this testimony.

(30) **39-19 through 41-16 is to be stricken.** There is no testimony that this information was conveyed to the police.

(31) **41-17 through 43-17 is to be stricken.** Defendants do not oppose striking through 43-13. The last four lines (about ordering a copy of the transcript) are irrelevant to courtroom testimony.

IT IS THEREFORE ORDERED that defendants' motion to declare witness unavailable [12-1] is granted. Defendants' motion to use Nora Tomas's deposition testimony at trial [12-2] is granted in part and denied in part. In accordance with today's order, defendants shall produce a modified version of Tomas's transcript for use at trial. A copy of the modified version shall be provided to plaintiff by no later than March 20, 2001.

ENTER:

_____
UNITED STATES DISTRICT JUDGE

DATED: MARCH ____, 2001